FILED
2015 Apr-15  PM 08:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **PATRICIA DIANNE JONES and DWIGHT JONES,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **CASE NO.:** |
| ) | **4:15-cv-00633-VEH** |
| **LUPIN PHARMACEUTICALS, INC.,** ) | |
| **a corporation; CVS CAREMARK** ) | |
| **CORPORATION, a corporation;** ) | |
| **WALMART STORES, INC., a** ) | |
| **corporation, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## CVS HEALTH'S MOTION TO DISMISS

Comes now, CVS Health, formerly known as CVS Caremark Corporation (hereinafter "CVS"), and moves this Honorable Court pursuant to Rule 12 of the Federal Rules of Civil Procedure to dismiss the claims against it.  Defendant submits that Plaintiff's Complaint asserts conclusory and formulaic allegations that are insufficient to state a plausible claim for relief under the pleading standard established in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and fails to satisfy the requirements of Sections 6-5-501, 6-5-521 and 6-5-551 of the Code of Alabama, as amended.

1.     The Complaint alleges that CVS owns and operates a pharmacy located in Albertville, Alabama and implies in the Complaint that she purchased Lisinopril, a prescription medication, at that pharmacy.   (Complaint ¶'s 4, 19, 21)

2.     Claims against a pharmacy arising out of the sale of a prescription medication are governed by the Alabama Medical Liability Act.   *Ex parte Rite Aid of Ala., Inc.*, 768 So.2d 960 (Ala. 2000).   See, *Looney v. Moore*, 2014 WL 234676 (ND Ala. January 22, 2014)

3.     No claim has been asserted against CVS with the specificity required by § 6-5-551 of the Alabama Medical Liability Act which contains the following requirement:

> In any action for injury, damages, or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care, whether resulting from acts or omissions in providing health care, or the hiring, training, supervision, retention, or termination of care givers, the Alabama Medical Liability Act shall govern the parameters of discovery and all aspects of the action. **The plaintiff shall include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts**. The plaintiff shall amend his complaint timely upon ascertainment of new or different acts or omissions upon which his claim is based; provided however, that any such amendment must be made at least 90 days before trial**. Any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief can be granted**. Any party shall be prohibited from conducting discovery with

2

regard to any other act or omission or from introducing at trial evidence of any other act or omission.   (Emphasis added).

4.      The Complaint identifies a pharmacy in Albertville as being owned by CVS but fails to state when Plaintiff filled a prescription for Lisinopril, or any description of acts or omissions.   It only says "on or about March 2013" she "started taking Lisinopril for her high blood pressure per her doctor's orders." (¶ 19)   It is only implied that she claims she filled a prescription at that pharmacy. Consequently, any claims of negligence (Count 4) or wantonness (Count 5) or any other alleged act or omission related to the sale of the Lisinopril to Plaintiff are due to be dismissed.

5.      Plaintiff's failure to warn claims (Count 2) are also barred by the learned intermediary doctrine.   *Walls v. Alpharma USPD, Inc.*, 887 So.2d 881 (Ala. 2004).

6.      The claims asserted in Counts 1, 3 and 6 against CVS meet the definition of a "product liability action" pursuant to § 6-5-501 and § 6-5-521 of the Code of Alabama.   Those statutes provide that, subject to four statutory exceptions not asserted in the Complaint, "No product liability action may be asserted or may be provided a claim for relief against any distributor, wholesaler, dealer, retailer, or seller of a product."   See § 6-5-521(b).

7.     The statutory exceptions are stated in 6-5-521(b) are as follows:

1. The distributor is also the manufacturer or assembler of the final product and such act is causally related to the product's defective condition.

2.   The distributor exercised substantial control over the design, testing, manufacture, packaging, or labeling of the product and such act is causally related to the product's condition.

3.     The distributor altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought.

4.     It is the intent of this subsection to protect distributors who are merely conduits of a product. This subsection is not intended to protect distributors from independent acts unrelated to the product design or manufacture, such as independent acts of negligence, wantonness, warranty violations, or fraud.

8.     Contrary to asserting the application of any exceptions, the Complaint asserts the product was in substantially the same condition when it reached Plaintiff as it was at the time it was manufactured.   (¶¶ 22, 23)

9.     Section 6-5-521 further provides that once the manufacturer is named in the lawsuit, unless Plaintiff can "identify *prima facie* evidence that the requirements of paragraphs (a) for maintaining a product liability against such a party are satisfied, "after the manufacturer has or is required to have answered or otherwise pleaded, the claimant shall voluntarily dismiss all claims against any distributor, wholesaler, dealer, retailer, or seller of the product in question."

10.    Thus, once Lupin Pharmaceuticals has filed its response to the Complaint, or it is due, Plaintiff is required to dismiss her claims against CVS.

11.    In addition to the above grounds, CVS pleads the Affirmative Defenses set out below.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The alleged damages to Plaintiff were caused by pre-existing and/or unrelated medical, genetic and/or environmental conditions, or by diseases or illnesses, or by her own idiosyncrasies or allergies, or by the operation of nature.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by application of one or more provisions of the Alabama Medical Liability Act.

### FOURTH AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims are barred by application of the provision of 336-5-501 and 6-5-521, Code of Alabama.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are attributable to conditions, pre-existing, or

5

otherwise, said damages are reasonably capable of being apportioned amongst the various conditions and the damages caused by this Defendant pursuant to the Restatement (Second) of Torts §433A.   Plaintiff's recovery against this Defendant for these other conditions, pre-existing, or otherwise, must be denied.

### SIXTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Constitution of the State of Alabama, and Constitution of the United States of America.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has received any monetary recovery or award from any other source for the damages or injuries asserted herein, Defendant is entitled to a setoff.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages were not caused or contributed to in any manner by any conduct, act or omission of this Defendant.   Therefore, Plaintiff is not entitled to any recovery against this Defendant.

## TENTH AFFIRMATIVE DEFENSE

The claims against this Defendant are barred under the principles of assumption of the risk and/or informed consent.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was advised, informed, and warned of potential hazards and/or damages associated with the use of the subject medication.

## TWELFTH AFFIRMATIVE DEFENSE

This Defendant affirmatively asserts the "sealed container" or "no-causal-relation" defense.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that the claims stated in the Complaint have been or may later be settled, compromised, or otherwise discharged, Defendant is due a set off.

## FOURTEENTH AFFIRMATIVE DEFENSE

The benefits of the products used by Plaintiff outweighed the risk of danger or harm, if any, inherent in the products.

## FIFTEENTH AFFIRMATIVE DEFENSE

The damages alleged in the Complaint, if any, were proximately caused by unforeseeable, independent, intervening, or superseding events beyond the control, and unrelated to this Defendant's conduct.   This Defendant's actions and omissions,

if any, were superseded by such unforeseeable, independent, intervening, and superseding events.

### SIXTEENTH AFFIRMATIVE DEFENSE

The physicians of Plaintiff, and their agents, servants and employees, were sophisticated users and learned intermediaries who had a duty to warn Plaintiff of any alleged potential complications that might result from dialysis.   The physicians possessed adequate information concerning warnings, precautions, and potential complications for those physicians and other medical care providers to assess the risks versus benefits of the use of Lisinopril by Plaintiff.   Therefore, the claims of Plaintiff are barred by the learned intermediary doctrine.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The recovery of damages alleged in the Complaint is limited by any recovery Plaintiff has received from collateral sources.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred and/or limited by Comment K to §402(a) of the Restatement(2d) of Torts.

### NINETEENTH AFFIRMATIVE DEFENSE

This Defendant incorporates the defenses of all others who are or may become parties to this action as though more fully set forth herein.

8

## TWENTIETH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred by additional defenses that may arise during the course of this litigation, which Defendant reserves the right to assert.

Respectfully submitted this the 15th day of April, 2015.


/s/ J. Allen Sydnor, Jr.
J. Allen Sydnor, Jr. (asb-6517-d55j)
*Attorneys for Defendant*
*CVS Health formerly known as*
*CVS Caremark Corporation*


**OF COUNSEL:**

HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
Phone: (205) 251-1193
Facsimile:   (205) 251-1256
asydnor@huielaw.com
*Counsel for Defendant,*
*CVS Health formerly known as*
*CVS Caremark Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2015, I electronically filed the foregoing with the ECF system which will serve the following counsel of record who are ECF registrants:

William A. Lattimore, Esq.
Gathings Law
2204 Lakeshore Dr., Ste. 406
Birmingham, AL 35209
205-322-1201
wlattimore@gathingslaw.com
*Attorney for Plaintiffs*

Walter J. Price, III, Esq.
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL   35223-2484
wprice@huielaw.com

Marda W. Sydnor, Esq.
Parsons, Lee & Juliano, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL   35216
msydnor@pljpc.com

*/s/ J. Allen Sydnor, Jr.*
OF COUNSEL